UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY W. GENOVESE, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY A. HANSEN and MICHAEL R. HANSEN, individually and on behalf of their marital community,<br><br>Defendants. | NO. 2:24-cv-1096-TMC<br><br>STIPULATED MOTION REGARDING CONDUCTING VIRTUAL DEPOSITIONS |

STIPULATED MOTION RE: CONDUCTING VIRUTAL
DEPOSITIONS - 1
**Case No. 2:24-cv-1096-TMC**

| | |
|---|---|
| 1 | KIMBERLY A. HANSEN, Individually and derivatively as a member of USG Realty Capital LLC, |
| 2 | |
| 3 | Counterclaim Plaintiffs, |
| 4 | |
| 5 | vs. |
| 6 | GREGORY W. GENOVESE, JR., an individual, |
| 7 | Counterclaim Defendant. |
| 8 | KIMBERLY A. HANSEN, individually and derivatively as a member of USG Realty Capital LLC, |
| 9 | |
| 10 | Third-Party Plaintiffs, |
| 11 | |
| 12 | vs. |
| 13 | USG REALTY CAPITAL LLC, a Delaware limited liability company, |
| 14 | Third-Party Defendant. |
| 15 | |

Pursuant to Federal Rule of Civil Procedure 29(a), the parties to this action agree to the following protocols regarding virtual depositions in this matter, and ask the Court to adopt such agreed-upon protocols by entering the proposed order submitted herewith:

**Virtual Depositions.** The depositions of witnesses in this case shall be conducted by a remote videoconference platform until otherwise agreed.

**Notice and Login.** The deposing party will disclose the name of the court reporting agency and virtual platform to be used at least one week in advance of the deposition. Login information will be provided to all parties no later than 24 hours prior to the start of the deposition.

**Physical Presence with Deponent.** The deponents will be made available for deposition by video. The only person permitted in the same room as the deponent is the deponent's lawyer, in which case the deponent and the deponent's lawyer will each have their own computer with

STIPULATED MOTION RE: CONDUCTING VIRUTAL
DEPOSITIONS - 2
Case No. 2:24-cv-1096-TMC

camera, and individual or shared audio feeds via microphone or telephone. No deponent will be required to be present in the same room as another person if the deponent wishes to be deposed alone.

**Conduct of Deponent.** While on the record the deponent will not use any communication device other than those to facilitate the deposition. While on the record, the deponent will not privately confer with anyone between a question and an answer except for the purpose of determining the existence and questions of privilege. This stipulation does not govern the conduct of anyone while not on the record.

**Contact with the Deponent During a Virtual Deposition.** While on the record, no one will communicate with the deponent outside of the video/audio stream. This includes, but is not limited to, instant messaging, text messaging, or any equivalent. In the event any such communications occur, the parties agree that the communications are discoverable.

**Technology Requirements.** All virtual depositions will be stenographically recorded by a court reporter with real-time feed capabilities. The deponent, the deponent's lawyer, and the questioning attorney must have a webcam-equipped device (such as a desktop, laptop, or tablet), and a device with audio-capabilities or access to a telephone for calling into the deposition, and will allow themselves to be seen and heard at all times during the deposition. Unless directed otherwise by the court reporter, all other attendees will turn video off such that their names appear instead of their images (but they may view the video feed of the deposition). Counsel for the deponent shall be responsible for ensuring that the deponent has access to the required equipment on the day of the deposition and that any equipment checks or tests (as instructed by the deposition services vendor) have been completed prior to the deposition. Noticing counsel are not responsible for the quality or functionality of the video and audio stream for the deponent or other participants.

**Identification of Individuals in Attendance.** Every person attending the deposition shall be identified on the record at the commencement of the deposition or upon later entry permitted by the court reporter. Persons attending by telephone must identify themselves by name and by

STIPULATED MOTION RE: CONDUCTING VIRUTAL
DEPOSITIONS - 3
Case No. 2:24-cv-1096-TMC

telephone number. Under no circumstances may persons attend the deposition virtually in any manner without identifying themselves on the record at the commencement of the deposition or when admitted later by the court reporter.

**Conduct by Participants Appearing Virtually.** In addition to the provisions set forth above, each participant should attend from a quiet location. All attendees other than the deponent, court reporter, deposing attorney, and objecting attorney will set their audio connection to mute to avoid unintentional noise.

**Exhibits.** The parties may mark and share exhibits using a court reporting agency's technology which facilitates the sharing and review of exhibits through chat and/or exhibit share features. The exhibits should be shared in such a way that allows the deponent to increase the size of the exhibit and scroll through a multi-page exhibit so that the deponent may review the entire document.

**Disruptions.** In the event the deponent, the deponent's lawyer, or the questioning attorney's video feed is interrupted or otherwise becomes hidden from view, the deposition will be suspended, and the parties will go back on the record only when that person's video stream functionality has been restored. Disruptions due to video streaming, phone line interruption, or other technical problems shall not be counted against record time.

**Court Reporter and Videographer.** The parties stipulate, in accordance with Federal Rules of Civil Procedure, that the court reporter or videographer (if noticed) may participate in the virtual deposition, and that the deposition will be deemed to have been conducted "before" that officer, even though the officer is not physically present with the deponent, so long as that officer is able to identify the deponent. The court reporter will at all times have access to the same interface as the witness.

**Other Recording.** No participant other than the court-reporting agency and videographer (after appropriate notice) may record by video, photograph, or audio any of the proceedings. This shall include recording using any form of virtual transmitting device, computer recording device,

1  laptops, camera, and personal device, including smart phones, tablets, iPads, Androids, iPhones,
2  Blackberries, or other PDAs. Nothing in this provision prevents or limits the taking of notes by
3  those identified on the record.
4        This stipulation will be in effect until one of the parties provides notice of the need to make
5  changes to it and agreement is reached, or the court orders that other procedures shall apply.  The
6  parties agree to make this stipulation Exhibit 1 to the depositions in this case.
7        IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

8  DATED:  April 25, 2025

/s/Jeff Bone
Jeff Bone, WSBA No. 43965
Jack M. Lovejoy, WSBA No. 36962
CORR CRONIN LLP
*Attorneys for Kimberly A. Hansen and Michael R. Hansen*
1015 Second Avenue
Seattle, WA 98105-1001
Telephone: (206) 625-8600
Facsimile: (206) 625-0900
E-Mail: Jbone@corrcronin.com
E-Mail: Jlovejoy@corrcronin.com

15  DATED:  April 25, 2025

/s/Neil A. Dial
Neil A. Dial, WSBA No. 29599
EISENHOWER CARLSON PLLC
*Attorneys for Gregory W. Genovese, Jr.*
909 A Street, Suite 600
Tacoma, Washington 98402
Telephone: (253) 572-4500
Facsimile: (253) 272-5732
E-Mail: NDial@eisenhowerlaw.com

21  DATED:  April 25, 2025

/s/Thomas F. Gallagher
Thomas F. Gallagher, WSBA No. 24199
GALLAGHER LAW, PLLC
*Attorneys for USG Realty Capital LLC*
417 S. G Street
Tacoma, WA  98405
Telephone: (253) 328-4254
E-Mail: tom@tgallagherlaw.net

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY W. GENOVESE, JR., an individual,<br><br>Plaintiff,<br><br>vs.<br><br>KIMBERLY A. HANSEN and MICHAEL R. HANSEN, individually and on behalf of their marital community,<br><br>Defendants. | NO. 2:24-cv-1096-TMC<br><br>ORDER GRANTING STIPULATED MOTION REGARDING CONDUCTING VIRTUAL DEPOSITIONS |
| KIMBERLY A. HANSEN, Individually and derivatively as a member of USG Realty Capital LLC,<br><br>Counterclaim Plaintiffs,<br><br>vs.<br><br>GREGORY W. GENOVESE, JR., an individual,<br><br>Counterclaim Defendant. | |

ORDER GRANTING STIPULATED MOTION RE:
CONDUCTING VIRTUAL DEPOSITIONS - 1
**Case No. 2:24-cv-1096-TMC**

KIMBERLY A. HANSEN, individually and derivatively as a member of USG Realty Capital LLC,

                Third-Party Plaintiffs,

vs.

USG REALTY CAPITAL LLC, a Delaware limited liability company,

                Third-Party Defendant.

Pending before the Court is the parties' Stipulated Motion Regarding Conducting Virtual Depositions, dated April 25, 2025 ("Stipulated Motion"). The Court, having reviewed the Stipulated Motion, and otherwise being fully advised on the Premises, orders as follows:

**IT IS SO ORDERED**, that the Stipulated Motion Regarding Conducting Virtual Depositions is GRANTED and the terms contained therein are hereby adopted by the Court in this action.

DATED this 29th day of April, 2025.

Tiffany M. Cartwright
United States District Judge