UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GREGORY W. GENOVESE, JR., an individual,<br><br>  Plaintiff,<br><br>  v.<br><br>KIMBERLY A. HANSEN and MICHAEL R. HANSEN, individually and on behalf of their marital community,<br><br>  Defendants. | Case No. 2:24-cv-01096-TMC<br><br>ORDER DENYING THIRD-PARTY DEFENDANT USG REALTY CAPITAL, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT |
| KIMBERLY A. HANSEN, individually and derivatively as a member of USG Realty Capital LLC,<br><br>  Counterclaim Plaintiff,<br><br>  v.<br><br>GREGORY W. GENOVESE, JR., an individual,<br><br>  Counterclaim Defendant. | |

ORDER DENYING THIRD-PARTY DEFENDANT USG REALTY CAPITAL, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 1

KIMBERLY A. HANSEN, individually and derivatively as a member of USG Realty Capital LLC,

      Third-Party Plaintiffs,

v.

USG REALTY CAPITAL LLC, a Delaware limited liability company,

      Third-Party Defendant.

## I. INTRODUCTION

Before the Court is Third-Party Defendant USG Realty Capital, LLC's ("USG") motion for partial summary judgment against Defendant and Third-Party Plaintiff Kimberly Hansen. USG seeks a declaration that Hansen, who formed USG alongside Plaintiff Gregory Genovese, Jr., ceased being a member of USG as of March 21, 2024. Dkt. 33 at 1.

The Court concludes that there is a genuine dispute of material fact regarding the date of Hansen's withdrawal from USG and therefore DENIES USG's motion for partial summary judgment.

## II. BACKGROUND

### A. Facts

Genovese and Hansen formed USG in 2020, with both parties as members and Genovese as manager. Dkt. 33-3 ¶ 2; Dkt. 39 ¶¶ 3, 5. From September 2020 onward, Genovese held an 80 percent share in USG, and Hansen held a 20 percent share. Dkt. 33-3 ¶ 2; Dkt. 39 ¶ 6. Between September 2020 and November 2021, Hansen paid $170,000 in initial capital contributions to the company. Dkt. 39 ¶ 3.

In 2024, Genovese and Hansen began discussing the possibility of Genovese transferring his entire interest in USG to Hansen. Dkt. 39 ¶¶ 7–9; Dkt. 38-1 at 2. The negotiations fell through, and on March 12, 2024, Hansen emailed Genovese to inform him that she was "withdrawing [her] term sheet to purchase USG" and to express her intent "to be completely withdrawn from the company effective April 1, 2024." Dkt. 39-1 at 3; Dkt. 39 ¶¶ 10–17; Dkt. 33-3 ¶ 3. In the email, she requested that Genovese's attorney send her a term sheet "with [her] complete indemnification and release from liability." Dkt. 39-1 at 3.

Genovese responded two days later, indicating that he "accept[ed] [Hansen's] resignation." Dkt. 39-1 at 2. In subsequent communications, Hansen explained that her initial email was not a resignation, and she reiterated her request for "full release from [her] interest in USG including all liabilities." Dkt. 39-2 at 2–3. On March 21, Genovese sent Hansen a letter revoking her authority to act on behalf of USG or access company accounts. Dkt. 33-3 ¶ 3; Dkt. 39 ¶ 20. On April 5, however, Genovese expressed to Hansen that "[n]ot working for USG doesn't dissolve you of your partnership interest or your duties to the partnership" but that he was "more than willing to consider" Hansen's removal from the company. Dkt. 38-3 at 2–3.

B.    **Procedural history**

On July 23, 2024, Genovese filed a complaint against Hansen and her husband, Michael Hansen, alleging breach of contract, breach of fiduciary duty, and misuse of USG funds. Dkt. 1 ¶¶ 28–54. He further claimed that Hansen had failed to "contribute[] her share of funding of USG's obligations and liabilities." *Id.* ¶ 50. He asserted that "Hansen continues to hold a minority (20%) membership interest in USG." *Id.* ¶ 27.

In September 2024, Hansen filed an answer denying the allegation that she continued to hold a membership interest in USG. Dkt. 10 at 6 ¶ 27. She then brought counterclaims against Genovese and third-party claims against USG. *Id.* at 18–25 ¶¶ 40–108. In relevant part, she

sought a declaration against both parties "that she ceased to be a member of USG no later than March 21, 2024, when Genovese removed her from access to any USG accounts and records and instructed her that she could not act on behalf of USG in any way." *Id.* at 19 ¶¶ 45–47; 25 ¶ 3. She also raised claims for promissory estoppel and injunctive relief against Genovese, based on the premise that she had relinquished her membership interest in USG as of the date specified. *Id.* at 21–23 ¶¶ 66–69, 76–90.

In October 2024, First Fed Bank ("First Fed"), which had issued a commercial line of credit to USG, notified Hansen and Genovese that USG had defaulted on its line of credit and that both Hansen and Genovese were guarantors for USG's obligations to the bank.[1] Dkt. 38-4 at 2–4. A few weeks later, Genovese's attorney sent a letter to Hansen's counsel demanding that Hansen pay 50 percent of the balance owed to First Fed. Dkt. 38-6 at 2–3. The letter asserted that Hansen and Genovese were "both responsible for this loan jointly and should honor their contractual obligations, despite their respective claims against each other." *Id.* at 2. In December, First Fed sued USG, Hansen, and Genovese for repayment and replevin. Dkt. 38-5 at 2–7.

In March 2025, counsel for Genovese and USG sent a proposed stipulation and order to Hansen, agreeing that her "withdrawal from USG on March 21, 2024, was effective for all purposes, including the relinquishment of her membership interest." Dkt. 33-2 ¶¶ 4–5. Hansen refused to consent to the proposed stipulation and order. *Id.* ¶ 6.

On May 13, Genovese filed an amended complaint, in which he removed the allegation that Hansen maintained a minority stake in USG. Dkt. 32. The same day, USG moved for partial summary judgment against Hansen, requesting a declaration that Hansen ceased being a member

---

[1] First Fed extended the line of credit to USG OZI, LLC, which is a separate entity from USG. Dkt. 38-4 at 2; Dkt. 38-5 at 9. USG was named as a guarantor for all of USG OZI, LLC's obligations to First Fed. Dkt. 38-4 at 2; Dkt. 38-5 at 11. Neither party addresses the distinction between these two entities in the briefing.

ORDER DENYING THIRD-PARTY DEFENDANT USG REALTY CAPITAL, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 4

of USG on March 21, 2024. Dkt. 33 at 2. In support of the motion, USG pointed to the statements in Hansen's pleadings disclaiming any ongoing membership interest in the company. *Id.* at 3-4; Dkt. 33-2 ¶ 2; *see* Dkt. 10 at 6, 19, 21–23, 25.

Two weeks later, Hansen filed an amended answer, counterclaims, and third-party complaint. Dkt. 36. In the amended pleading, she alleged that she had requested complete indemnity and release of liabilities as consideration for her withdrawal from USG and relinquishment of her membership interest. *Id.* at 20–21 ¶¶ 48–52; 23–25 ¶¶ 71–73, 80–94. She then removed her prior counterclaim/third-party claim for declaratory relief, seeking instead a declaration against both Genovese and USG "that she either remains a member of USG or, in the alternative, that (i) Genovese/USG owe her complete indemnity for/release from all company liabilities; and (ii) Genovese/USG must repay amounts Hansen contributed to [USG]." *Id.* at 21 ¶ 52. She also amended her claims for promissory estoppel and injunctive relief against Genovese to reflect her changed factual allegations. *Id.* at 23–25 ¶¶ 71–73, 80–94.

### III.    LEGAL STANDARD

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute as to a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Villiarimo v. Aloha Island Air, Inc.*, 281 F.3d 1054, 1061 (9th Cir. 2002) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). The moving party has the initial burden of "'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). If the moving party meets its initial burden, the non-moving party must go beyond the pleadings and "set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 248 (quoting *First Nat'l Bank of Ariz. v.*

*Cities Serv. Co.*, 391 U.S. 253, 288 (1968)). In assessing a motion for summary judgment, the Court must view the evidence presented "in the light most favorable to the non-moving party." *Cascadia Wildlands v. U.S. Bureau of Land Mgmt.*, 153 F.4th 869, 892 (9th Cir. 2025) (quoting *Siino v. Foresters Life Ins. & Annuity Co.*, 133 F.4th 936, 943 (9th Cir. 2025)).

### IV.    DISCUSSION

USG argues that the representations in Hansen's original pleading preclude any material factual dispute that she remained a member of USG after March 21, 2024. Dkt. 33 at 6–7; Dkt. 44 at 4–5. It contends that her subsequent amended pleading does not create a genuine dispute of material fact. Dkt. 44 at 4–5.

Hansen responds that her withdrawal as a member of USG was contingent on Genovese and USG's agreement to indemnify her, release her from USG liabilities, and repay the money that she had contributed to the company. Dkt. 37 at 7–8. She asserts that she amended her factual allegations and relief sought against Genovese and USG because she realized that they had not agreed to meet those conditions. *Id.* at 8–9.

For the reasons set forth below, the Court concludes that the statements in Hansen's initial pleading are not binding, and Hansen has presented sufficient evidence to avoid summary judgment.

**A.    The statements in Hansen's initial pleading do not establish the date of her withdrawal from USG because those statements have since been amended.**

In general, "[a] statement in a pleading can constitute a judicial admission, which has 'the effect of withdrawing a fact from issue and dispensing wholly with the need for proof of the fact.'" *Indem. Ins. Co. of N. Am. v. Expeditors Int'l of Wash., Inc.*, No. C15-2001JLR, 2016 WL 1430066, at *3 (W.D. Wash. Apr. 8, 2016) (quoting *Am. Title Ins. Co. v. Lacelaw Corp.*, 861 F.2d 224, 226 (9th Cir. 1988)). However, "[w]hen a pleading is amended or withdrawn, the

superseded portion ceases to be a conclusive judicial admission." *Huey v. Honeywell, Inc.*, 82 F.3d 327, 333 (9th Cir. 1996) (quoting *Kunglig Jarnvagsstyrelsen v. Dexter & Carpenter*, 32 F.2d 195, 198 (2d Cir. 1929)). Such statements then become "competent evidence of the facts stated, though controvertible, like any other extrajudicial admission made by a party or his agent." *Id.* (quoting *Kunglig Jarnvagsstyrelsen*, 32 F.2d at 198). And if "the party making an ostensible judicial admission explains the error in a subsequent pleading or by amendment, the trial court must accord the explanation due weight." *Sicor Ltd. v. Cetus Corp.*, 51 F.3d 848, 859–60 (9th Cir. 1995). A party may make this explanation in an opposition to a motion for summary judgment. *Id.* at 860.

Here, Hansen amended her original pleading to remove the assertion that she withdrew from USG no later than March 21, 2024. Dkt. 36 at 20–21 ¶¶ 48–52; 23–25 ¶¶ 71–73, 80–94. In the declaration accompanying her opposition brief, Hansen explains that when she filed her initial answer, she mistakenly believed that Genovese and USG had agreed to indemnify her, release her from company liabilities, and repay her monetary contributions to the company, and she amended her pleading only after learning that was not the case. Dkt. 39 ¶¶ 24–27. Hansen supports this explanation with email correspondence showing her repeated requests for indemnity and release of liabilities. Dkt. 39-1 at 3; Dkt. 39-2 at 2–3. According due weight to Hansen's explanation, the Court declines to treat her since-amended statements as binding judicial admissions. Instead, those assertions remain only as "competent evidence of the facts stated."[2]

---

[2] USG relies on *Kennedy v. Allied Mutual Insurance Co.* for the Ninth Circuit's "general rule . . . that a party cannot create an issue of fact by an affidavit contradicting his prior deposition testimony." 952 F.2d 262, 266 (9th Cir. 1991); *see* Dkt. 44 at 5. But that case specifically concerned deposition testimony and has limited application here. *Kennedy*, 952 F.2d at 266–67.

ORDER DENYING THIRD-PARTY DEFENDANT USG REALTY CAPITAL, LLC'S MOTION FOR PARTIAL SUMMARY JUDGMENT - 7

**B.    There is a genuine dispute of material fact regarding whether Hansen withdrew from USG effective March 21, 2024.**

To support its motion for summary judgment, USG points to the assertions in Hansen's initial pleading, which the Court treats as evidence of the facts stated. Dkt. 33 at 6–7; Dkt. 33-2 ¶ 2; Dkt. 33-3 ¶¶ 5–7; Dkt. 44 at 4–5. In opposition, Hansen submits emails demonstrating that she asked for indemnification and release of liabilities when she initially expressed her intent to withdraw from the company, as well as a communication from Genovese after March 21 suggesting that he believed she still had duties to the company at that time. Dkt. 39-1 at 3; Dkt. 39-2 at 2–3; Dkt. 38-3 at 2–3. Hansen also submits evidence related to the First Fed lawsuit showing that Genovese and USG had not agreed to indemnification and release of liabilities. Dkt. 38-4 at 2–4; Dkt. 38-6 at 2–3; Dkt. 38-5 at 2–7. In addition, Hansen's declaration asserts that Genovese and USG do not intend to repay her for her contributions to the company. Dkt. 39 ¶ 26.

This evidence, when viewed in the light most favorable to Hansen, sets forth specific facts demonstrating a genuine issue for trial. The court further notes that USG has also changed its position on this issue over the course of the litigation, and USG's own contradictory statements support the conclusion that there is a genuine dispute of material fact. *Huey*, 82 F.3d at 333 (concluding that admissions that were later amended created an issue of material fact); *Lawshe v. Amerus Life Ins. Co.*, 19 F. App'x 692, 693–95 (9th Cir. 2001) (concluding that a genuine dispute of material fact existed where a declaration in support of summary judgment contradicted an earlier statement in the party's answer). Because there is a genuine issue of material fact regarding the date of Hansen's withdrawal from USG, and USG is not entitled to judgment as a matter of law on this issue, the Court DENIES USG's motion for partial summary judgment.

## V. CONCLUSION

Third-Party Defendant USG Realty Capital, LLC's motion for partial summary judgment is DENIED.

Dated this 30th day of October, 2025.

Tiffany M. Cartwright
United States District Judge